UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------X   Index No.

PAUL WILLIAMS,

              Plaintiff,

                                              **COMPLAINT**

  -against-

SMITH AVENUE MOVING CO., ESTATE OF
FREDERICK G. FAERBER, and GARY          JURY TRIAL DEMANDED
FAERBER,

              Defendants.
------------------------------------X

      Plaintiff, Paul Williams ("Williams") by and through its attorney, Joseph J. Haspel, Esq., as and for its complaint against the defendants, Smith Avenue Moving Co., Estate of Frederick G. Faerber and Gary Faerber, respectfully alleges as follows:

**NATURE OF THE CASE**

      1.  This is an action seeking damages for breach of contract and conversion relating to the storage of valuable antiques and commissioned artwork having a value in excess of $400,000.00.

      2. The "Descriptive Inventory" as recorded by Moving Co. to which this action relates is set forth at Exhibit A hereto (the "Property").

**PARTIES**

      2.  At all relevant times, Plaintiff, Paul Williams, is and was an individual residing at 229 Academy Terrace, Linden, NJ 07036.

3. Upon information and belief, at all relevant times, Defendant Smith Ave. Moving Co. ("Moving Co.) is and was a unincorporated business enterprise owned in whole or in part by Frederick G. Faerber III (now deceased), with its principal place of business at 149 Clinton Avenue, Kingston, New York.

4. Upon information and belief, at all relevant times, Defendant, Estate of Frederick G. Faerber III is the successor to Frederick G. Faerber who died on March 23, 2006.

5. Upon information and belief, defendant Gary Faerber is an individual who resides at 153 Clinton Avenue, Kingston, New York.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, Williams being a citizen of the State of New Jersey, and defendants each being a citizen of the State of New York.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because defendants reside in this district, a substantial part of the events and omissions giving rise to the subject claims occurred in this district, a substantial part of property that is the subject of the action is

situated here, and defendants are subject to personal jurisdiction here.

**FACTUAL BACKGROUND**

8. Beginning in April, 2003, Williams retained Moving Co. to move and store the Property.

9. The Property was moved by Moving Co. from locations on Long Island and Stone Ridge, New York, and Boston, Massachusetts to its storage facility in Kingston, New York.

10. Williams paid monthly storage charges as required.

11. On or about March 29, 2006, Williams received a letter from Bonnie L. Coliukos ("Coliukos"), daughter of Frederick G. Faerber, III ("Fred"), which letter informed Williams that Fred had died on March 23, 2006.

12. Coliukos' March 29, 2006 letter indicated that as a result of Fred's death Moving Co. was discontinuing the storage part of its business.

13. Coliukos' March 29, 2006 requested that Williams make arrangements to move his Property to a different location.

14. On April 24, 2006, Williams called Coliukos to make arrangements to remove the property from Moving Co.'s possession (the "April 24 Telephone Call").

15. During the April 24 Telephone Call, Colikos advised Williams that Gary Faerber changed the locks on the storage facility and that she would be unable to obtain access to the Property.

16. Thereafter, in a conversation with Gary Faerber and his counsel, Daniel Heppner, Esq., Williams was informed that his property was auctioned on or about October 1, 2005, and that Gary Faerber retained the auction proceeds.

17. Williams was never notified of any proposed auction.

18. As a result of Defendants' wrongful actions, Williams has suffered economic damages and has been forced to incur expenses related to this lawsuit, other costs, and attorney's fees.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

19. Williams repeats and restates the allegations set forth in Paragraphs 1 through 17 above.

20. Williams and Defendants entered into an agreement whereby, among other things, Defendants agreed to perform specified services for Williams, including but not limited to the storage of the Property.

21. For the storage services, Williams agreed to pay a fixed monthly charge.

22. Williams paid the fixed monthly charge as required.

23. Defendants breached their Agreement by failing to exercise reasonable care and by causing the Property to be lost.

24. As a direct and proximate result of Defendants'

breach of contract, Williams has been damaged in an amount to be determined and proved at trial but currently known to be at least $500,000.00.

## SECOND CLAIM FOR RELIEF
### (Conversion)

25. Williams repeats and restates the allegations set forth in Paragraphs 1 through 24 above.

26. As set forth above, Defendants exercised dominion and control over the Property in a manner which greatly exceeded their authority. Specifically, Defendants auctioned the Property at a time when they were without authority to do so.

27. One or more of the Defendants have retained the proceeds of the auction of the Property.

28. Defendants have converted Williams' Property.

29. By reason of the foregoing, Williams has been directly and proximately damaged in an amount exceeding $500,000.00.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

30. Williams repeats and restates the allegations set forth in Paragraphs 1 through 29 above.

31. Defendants have been unjustly enriched by their sale of William's Property.

32. By reason of the foregoing, Williams has been directly and proximately damaged in an amount exceeding $500,000.00.

FOURTH CLAIM FOR RELIEF
(Fraud)

33. Williams repeats and restates the allegations set forth in Paragraphs 1 through 32 above.

34. After the time the Property was purportedly auctioned, Williams continued to remit monthly storage fees.

35. These storage fees were accepted at a time when Defendants knew that they were no longer in possession.

36. By reason of the foregoing, Williams has been directly and proximately damaged in an amount exceeding $50,000.00.

WHEREFORE, Williams demands a judgment against Defendants as follows:

A. On William's First Claim for Relief, judgment in an amount to be determined at trial but believed to be in excess of $500,000.00, plus interest;

B. On William's Second Claim for Relief, judgment in an amount to be determined at trial but believed to be in excess of $500,000.00, plus interest;

C. On William's Third Claim for Relief, judgment in an amount to be determined at trial but believed to be in excess of $500,000.00, plus interest;

D. On William's Fourth Claim for Relief, judgment in an amount to be determined at trial but believed to be in excess of $50,000.00, plus interest

E. On all claims for relief, the costs of this action,

including Court costs and reasonable attorneys' fees;

 F. Punitive damages in the amount of $5,000,000; and

 G. Such other and further relief as is just and proper.


PLAINTIFF DEMANDS TRIAL BY JURY


        Respectfully Submitted,

        _____
        Joseph J. Waspel, Esq.
        Attorneys for Plaintiff
        40 Matthews Street
        Suite 201
        Goshen, New York 10924
        845-294-8950

EXHIBIT A          EXHIBIT A

# HOUSEHOLD GOODS DESCRIPTIVE INVENTORY

Shipper: Mr. Williams
Carrier: Faith Djt Moving Co.

| Item | Articles | Condition at Origin | Exceptions at Destination |
|---|---|---|---|
| 1 | Black cattle F.O case | ms worn tape | |
| 2 | Picture Ctn | P.B. M/S | |
| 3 | Picture Ctn | P.B. M/S | |
| 4 | Elk Box | | |
| 5 | Picture Ctn | P.B. M/S | |
| 6 | Large Picture Box | P.B. M/S | |
| 7 | Picture Box | P.B. M/S | |
| 8 | Picture Box | P.B. M/S | |
| 9 | Picture Box | P.B. M/S | |
| 10 | Picture Box | P.B. M/S | |
| 11 | Picture Box | P.B. M/S | |
| 12 | Picture Box | P.B. M/S | |
| 13 | Picture Box | P.B. M/S | |
| 14 | Picture Box | P.B. M/S | |
| 15 | Picture Box | P.B. M/S | |
| 16 | Picture Box | P.B. M/S | |
| 17 | Picture Box | P.B. M/S | |
| 18 | Picture Box | P.B. M/S | |
| 19 | Picture Box | P.B. M/S | |
| 20 | Picture Box | P.B. M/S | |
| 21 | Picture Box | P.B. M/S | |
| 22 | Picture Box | P.B. M/S | |
| 23 | Top to vic wrap/tp wrapp in paper pad | | |
| 24 | Al ct | P.B. M/S | |
| 25 | L.S. ct | P.B. M/S | |
| 26 | L.S. " | P.B. M/S | |
| 27 | L.S. " | " " | |
| 28 | Mixed ctn | P.B. M/S | |
| 29 | ctn | P.B. M/S | |
| 30 | Mixed ctn | P.B. M/S | |

REMARKS / EXCEPTIONS

WARNING — BEFORE SIGNING—CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT

# HOUSEHOLD GOODS DESCRIPTIVE INVENTORY

| Item | Articles | Condition at Origin | Exceptions (if any) at Destination |
|---|---|---|---|
| 1 | 4.5 ctn | P.B. Al S. | |
| 2 | 4.5 ctn | P.B. Al S. | |
| 3 | 4.5 ctn | P.B. Al S. | |
| 4 | Med ctn | P.B. Al S. | |
| 5 | Small white box | P.B. | |
| 6 | Small white box | | |
| 7 | Small white box | | |
| 8 | Patten to hitch | Wrapped in paper P.B. | |
| 9 | TV Panasonic | w/ remote tap to P.B. | |
| 10 | Med ctn | P.B. Al S. | |
| 11 | Small box | P.B. Al S. | |
| 12 | 2 cu ctn | P.B. Al S. | |
| 13 | Metal chair | wrapped pad | |
| 14 | color fab chair | wrapped pad | |
| 15 | 2 cu ctn | P.B. Al S. | |
| 16 | Small white box | P.B. Al S. | |
| 17 | Small white box | P.B. Al S. | |
| 18 | 2 cu ctn white box | P.B. Al S. | |
| 19 | Metal chair | wrapped pad | |
| 20 | Dr end table | wrapped pad | |
| 21 | wicker corner stand | wrapped | |
| 22 | cabinet ccun | wrapped pad | |
| 23 | Double dish 6.1 ctn | P.B. Al S. | |
| 24 | Dish pack | P.B. Al St | |
| 25 | Med ctn | P.B. Al St | |
| 26 | Small box | P.B. Al St | |
| 27 | wrapped | P.B. Al St | |
| 28 | Med ctn 4.5 | P.B. Al St | |
| 29 | Small white bx | P.B. Al St | |
| 30 | Small white bx | P.B. Al St | |

REMARKS / EXCEPTIONS

**WARNING** → BEFORE SIGNING—CHECK SHIPMENT. COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT

# HOUSEHOLD GOODS DESCRIPTIVE INVENTORY

**CONTRACTOR OR CARRIER:** Mr William

**AGENT:** Santa Ana Moving

| ITEM NO. | ARTICLES | CONDITION AT ORIGIN | EXCEPTIONS (IF ANY) AT DESTINATION |
|---|---|---|---|
| 1 | Small Wht Bx | P.B. Al S | |
| 2 | Large Other Cn | P.B. Al S | |
| 3 | Dish Bx | P.B. Al S | |
| 4 | Dish Bx | P.B. Al S | |
| 5 | Living Room Side Chair | Wrapped Pad | |
| 6 | Dish Pack | P.B. Al S | |
| 7 | Dish Pack Cn | P.B. Al S | |
| 8 | Artist Bag Bx | Wrapped Pad | |
| 9 | Small White Bx | P.B. Al S | |
| 10 | Small White Bx | P.B. Al S | |
| 11 | Small Bx | P.B. Al S | |
| 12 | Auto Cn | P.B. Al S | |
| 13 | Wooden Drop Leaf Table | Top wrapped | scratched |
| 14 | Al Speaker | | |
| 15 | Wooden Crate | P.B. Al S | |
| 16 | Wooden Crate | P.B. Al S | |
| 17 | Wardrobe | P.B. Al S | |
| 18 | Wardrobe | P.B. Al S | |
| 19 | Wardrobe | P.B. Al S | |
| 20 | Round Table | Wrapped Pad | |
| 21 | File Bx | P.B. Al S | |
| 22 | File Bx | P.B. Al S | |
| 23 | Dish Cn | P.B. Al S | |
| 24 | Wardrobe | P.B. Al S | |
| 25 | Living Room Love Seat | Wrapped Pad Wicker | |
| 26 | Med Cn | P.B. Al S | |
| 27 | Med Cn | P.B. Al S | |
| 28 | Med Cn | P.B. Al S | |
| 29 | Wood End Table | Wrapped scratched | |
| 30 | Double Bed Cn | P.B. Al S | |

**REMARKS / EXCEPTIONS:**

"WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO ___ INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS TENDERED AND OF STATE OF THE GOODS RECEIVED."

# WARNING → BEFORE SIGNING—CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT

AT ORIGIN — (Signature) Contractor/Carrier Representative (Driver); Owner or Authorized Agent (Signature)

AT DESTINATION — Contractor, Carrier or Representative (Driver) (Signature); Owner or Authorized Agent (Signature)

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

| Item | Articles | Condition at Origin | Exceptions (if any) at Destination |
|---|---|---|---|
| 1 | Large Speaker | Wrapped Pad | |
| 2 | Large Speaker | Wrapped Pad | |
| 3 | Desk Rack Top | open P.B. N St | |
| 4 | Wrapped | P.B. N St | |
| 5 | 6.1 CD drawer | P.B. N.S | |
| 6 | 6.1 ... | P.B. N.S | |
| 7 | 6.1 Singer | P.B. N.S | |
| 8 | Table Sc ell | Wrapped Pad | |
| 9 | Wrapped | P.B. N St | |
| 10 | Left Side China Cab | Wrapped | |
| 11 | Right Side of China Cab | Wrapped | |
| 12 | Mirror CP | P.B. N St | |
| 13 | Wrapped | P.B. N St | |
| 14 | Wrapped | P.B. N St | |
| 15 | Wrapped | P.B. N St | |
| 16 | Wrapped | P.B. N St | |
| 17 | Wrapped | P.B. N St | |
| 18 | Wrapped | P.B. N St | |
| 19 | Wrapped open | P.B. N St Bad Pack-To | |
| 20 | Rug Wrapped | | |
| 21 | Living Room Coffee Table metal | | |
| 22 | Wooden Table 2 legs Wrapped Pad | | |
| 23 | Wooden Table 3 legs Wrapped Pad | | |
| 24 | Table base wooden legs wrapped | | |
| 25 | Base For China Cabinet Wrapped | | |
| 26 | Arena CP | P.B. N St | |
| 27 | Picture CP | P.B. N St | |
| 28 | Picture CP | P.B. N St | |
| 29 | Picture CP | P.B. N St | |
| 30 | Picture CP | P.B. N St | |

REMARKS / EXCEPTIONS

**WARNING** → BEFORE SIGNING—CHECK SHIPMENT COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT

AT ORIGIN / AT DESTINATION

## HOUSEHOLD INVENTORY

| Item | Articles | Condition at Origin | Exceptions if any at Destination |
|---|---|---|---|
| 1 | Mirror CTN | P.B. Al St | |
| 2 | Mirror CTN | P.B. Al St | |
| 3 | Mirror CTN | P.B. Al St | |
| 4 | Mirror CTN | P.B. Al St | |
| 5 | Small P/T Dw Box | P.B. Al St | |
| 6 | Small P/T Dw Box | P.B. Al St | |
| 7 | Atcky Cash | Scratched worn | |
| 8 | Mirror CTN | P.B. Al St | |
| 9 | Mirror CTN | P.B. Al St | |
| 10 | Picture CTN | P.B. Al St | |
| 11 | Mir CTN | P.B. Al St | |
| 12 | Mirror CTN | P.B. Al St | 1 |
| 13 | Mirror CTN | P.B. Al St | |
| 14 | Couch | Wrapped PBO | |

REMARKS / EXCEPTIONS

"WE HAVE CHECKED ALL THE ITEMS LISTED AND NUMBERED 1 TO _____ INCLUSIVE AND ACKNOWLEDGE THAT THIS IS A TRUE AND COMPLETE LIST OF THE GOODS TENDERED AND OF THE STATE OF THE GOODS RECEIVED"

**WARNING** → BEFORE SIGNING—CHECK SHIPMENT, COUNT ITEMS AND DESCRIBE LOSS OR DAMAGE IN SPACE ON THE RIGHT

AT ORIGIN — Signature / Date / Time — 4/26/03
AT DESTINATION — (blank)

PRINTED IN U.S.A.